UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY DOWNS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>　　　　Defendant. | No. 2:12-cv-03057-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On December 17, 2012, Plaintiff Gregory Downs ("Plaintiff") filed a civil rights action against the California Attorney General. Complaint, ECF No. 1. On June 4, 2013, Plaintiff's Complaint was dismissed with leave to amend. Order, ECF No. 27. The Court granted Plaintiff thirty days from the date of service of that order to file an amended complaint that complied with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,[1] and the Local Rules of Practice. Id. at 4. The Court advised Plaintiff that failure to file an amended complaint in accordance with that order would result in a recommendation that this action be dismissed. Id. Although Plaintiff was granted three extensions of time, he never filed an amended Complaint. On November 2, 2013, Magistrate Judge Carolyn K. Delaney recommended that Plaintiff's action be dismissed

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

1

without prejudice pursuant to Local Rule 110 and Federal Rule of Civil Procedure 41(b). Findings and Recommendations ("F&R"), ECF No. 40.  Judge Delaney's F&R advised Plaintiff that he could file written objections within fourteen days. Id.  Although Plaintiff requested, and was subsequently granted, an extension of time to file objections to the F&R, he never did so. See ECF Nos. 42, 44.  On February 29, 2014, this Court adopted the F&R in full and dismissed this action without prejudice. Order, ECF No. 50.  Plaintiff now moves for an Amended Judgment under Rule 59 primarily on the grounds that he never received a copy of Judge Delaney's December 3, 2013 Order granting Plaintiff additional time to file objections, ECF No. 44. Motion, Feb. 28, 2014, ECF No. 52.  For the following reasons, Plaintiff's request is DENIED.

       A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all. Taylor, 871 F.2d at 805.  Since this motion is seeking reconsideration of a final judgment and was timely filed within twenty-eight days of the Court's entry of judgment, the Court will treat it as a Rule 59(e) motion.

       A court should be loath to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988).  Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)).  Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

1  intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d
2  656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263
3  (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is
4  wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox
5  Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  Additionally, Local Rule
6  230(j) requires a party filing a motion for reconsideration to show the "new or different
7  facts or circumstances claimed to exist which did not exist or were not shown upon such
8  prior motion, or what other grounds exist for the motion."  Motions for relief from
9  judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district
10 court.  Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

11      As outlined above, Judge Delaney advised Plaintiff on June 4, 2013 that his
12 Complaint would be dismissed if he did not timely file an amended complaint.  ECF
13 No. 27 at 4.  Although Plaintiff was granted multiple extensions, Plaintiff never did so.
14 See Order, July 10, 2013, ECF No. 31 (granting Plaintiff an extension of time in which to
15 file an amended complaint); Order, Aug. 13, 2014, ECF No. 35 (same); Order, Sept., 24,
16 2013, ECF No. 37 (same).  Moreover, despite submitting additional other filings, Plaintiff
17 also never objected to the F&R.  Of course, Plaintiff now argues that his alleged failure to
18 receive a copy of Judge Delaney's Order granting him an extension of time to file
19 Objections justifies granting his instant Motion.[2]  ECF No. 52.

20 ///
21 ///
22 ///
23 ///
24 ///

---

[2] Plaintiff also argues that his motion should be granted for a variety of other reasons including the fact that Judge Delaney should have been disqualified from this action, his ADA requests were denied without citation to authority, and the prison law library is inadequate. Mot., ECF No. 52.  However, none of these bases warrant reconsideration of the Court's prior order nor do they explain why Plaintiff was able to file numerous other documents with the Court, yet failed to file an amended complaint despite being given three extensions of time in which to do so.

However, even assuming Plaintiff did not receive Judge Delaney's Order, Plaintiff still fails to explain why he was unable to file an amended complaint despite being given three extensions. Plaintiff's request to amend this Court's Judgment, ECF No. 52, is therefore DENIED.

IT IS SO ORDERED.

Dated: March 10, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT